# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARTIN KILFOYLE,** | **CASE NO. 1:19-CV-01831** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **TASHA J. HILL, et al.,** | |
| **Defendants.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Motion for Orders of Remand ("Motion to Remand") of Plaintiff Martin Kilfoyle ("Kilfoyle"). (Doc. No. 8.) Defendants Tasha J. Hill, Matthew W. Roddy, Roddy Group, Inc., Sanford M. Aderson ("Aderson"), Earl J. Luttner, Lifetime Financial Growth of Central Ohio, LLC ("LFGCO"), and Lifetime Financial Growth of Northern Ohio, LLC ("LFGNO") (collectively, "Defendants") filed a brief in opposition to Kilfoyle's Motion to Remand on September 3, 2019, to which Kilfoyle replied on September 9, 2019. (Doc. Nos. 14, 15.)

Also, currently pending is Defendants' Rule 21 Motion to Sever Plaintiff's Claim and Transfer Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer"). (Doc. No. 6.) Kilfoyle filed a brief in opposition to Defendants' Motion to Transfer on August 23, 2019, to which Defendants replied on August 30, 2019. (Doc. Nos. 11, 12.)

For the following reasons, Kilfoyle's Motion to Remand (Doc. No. 8) is GRANTED IN PART and DENIED IN PART, and Defendants' Motion to Transfer (Doc. No. 6) is DENIED AS MOOT.

## I. Background

On July 24, 2019, Kilfoyle commenced this civil action against Defendants in the Court of Common Pleas of Cuyahoga County, Ohio. (Doc. No. 1-1.) In his Complaint, Kilfoyle alleges that

he was a registered representative and statutory employee of the Guardian Life Insurance Company of America ("GLICA"). (*Id.* at ¶ 2.) In that capacity, his job was to sell GLICA's disability and life insurance policies. (*Id.*) GLICA's general agent in Cuyahoga County, Ohio is LFGCO. (*Id.* at ¶ 3.) LFGCO does business using the fictitious tradenames Lifetime Financial Growth, LLC and Capital Planners, which are registered tradenames of LFGNO. (*Id.*) The Complaint contains nine counts alleging Defendants engaged in a variety of misconduct, mainly related to Defendants' alleged interference with the terms of Kilfoyle's service while with GLICA. (*Id.* at ¶¶ 11-58.) In Count IX, Kilfoyle also alleges that Aderson, LFGCO, and LFGNO have denied Kilfoyle his right to fully participate in the retirement program that GLICA provides for its field representative statutory employees. (*Id.* at ¶¶ 54-58.)

On August 12, 2019, Defendants removed the case to this Court. (Doc. No. 1.) Defendants' sole basis for removal is that there is federal jurisdiction over Count IX of Kilfoyle's Complaint because Kilfoyle's claim that Aderson, LFGCO, and LFGNO have denied him his right to fully participate in GLICA's retirement benefit program is subject to complete preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* at ¶ 9.) Defendants contend the Court has supplemental jurisdiction over the remaining non-federal claims in the Complaint. (*Id.* at ¶¶ 11-17.)

Subsequently, on August 19, 2019, Defendants filed their Motion to Transfer. (Doc. No. 6.) Defendants argue that Count VII of Kilfoyle's Complaint relates to a promissory note that contains a forum selection clause providing for exclusive jurisdiction in Allegheny County, Pennsylvania. (*Id.* at ¶¶ 4-6.) As such, Defendants assert that Count VII should be severed and transferred to the United States District Court for the Western District of Pennsylvania. (*Id.* at ¶¶ 7-8.) Kilfoyle opposes

Defendants' Motion to Transfer for a variety of reasons and has asserted that he never signed the promissory note at issue. (*See* Doc. No. 11.)

On August 20, 2019, Kilfoyle filed his Motion to Remand. (Doc. No. 8.) Kilfoyle asserts that federal subject matter jurisdiction does not exist because he was a statutory employee (i.e., independent contractor) of GLICA—not a common law employee—and ERISA is therefore inapplicable to his claim in Count IX. (*Id.* at 1-3.) In support of his Motion, Kilfoyle submitted a copy of his Field Representative Agreement with GLICA, which provides: "Nothing herein contained shall be construed to create the relation of employer and employee between the Field Representative and the Principal or the Company." (Doc. No. 8-1 at 1.) In addition, Kilfoyle submitted an email from Sarah Chen, GLICA's counsel, in which she wrote that "as an FR Mr. Kilfoyle has been and is an independent contractor/statutory employee of Guardian." (Doc. No. 15-1.) Kilfoyle also argues that none of the payments to which he claims he is entitled in Count IX are part of an ERISA plan. (Doc. No. 8 at 5.) Accordingly, Kilfoyle asserts the case should be remanded to state court. (*Id.* at 9.) Kilfoyle also requests that Defendants be required to pay the attorneys' fees he incurred to address Defendants' Notice of Removal because Defendants had no objectively reasonable basis for removal. (*Id.* at 8-9.)

In response, Defendants do not dispute the fact that Kilfoyle was not a GLICA employee. Defendants admit that "GLICA treats field representatives as 'statutory employees' as that term is defined by treasury regulations." (Doc. No. 14-1 at ¶ 8.) Instead, Defendants argue that common-law employee status is not a precondition to suit under ERISA and that independent contractors have standing to sue under ERISA if they are identified as beneficiaries under an ERISA-regulated employee benefit plan. (Doc. No. 14 at 4-6.)

3

In addition, Defendants assert that GLICA's retirement income program qualifies as an employee benefit plan under ERISA. (*Id.* at 6-10.) According to a declaration by Aderson, LFGNO's general counsel, "GLICA offers its field representatives a full range of statutory employee benefits, including group health coverage, group insurance coverage, pension and retirement income benefits." (Doc. No. 14-1 at ¶¶ 6, 9.) These benefits are summarized in GLICA's Field Representative Plan Handbook (the "Plan Handbook"). (Doc. No. 14-1, Ex. A.) Defendants identify the retirement income benefits provided to field representatives by the Plan Handbook as part of GLICA's retirement income program. (Doc. No. 14 at 8-9.) They further clarify that the beneficiaries under this retirement income program are field representatives eligible to retire under the Field Representative Defined Benefit Plan. (*Id.*) Defendants assert that this retirement income program, which is at issue in Count IX, qualifies as an ERISA employee benefit plan. (*Id.* at 7-10.) As a result, Defendants argue that Kilfoyle's claim is subject to complete preemption by ERISA, federal subject matter jurisdiction exists, and Kilfoyle's Motion to Remand should be denied. (*Id.* at 10.) Alternatively, Defendants contend that they had objectively reasonable grounds for removal, and in the event that the Court finds that the case should be remanded, an award of fees or costs is not warranted. (*Id.* at 10-12.)

## II. Motion to Remand

### a. Standard of Review

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In addition, "[a]s a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction." *Petrofski v. Chrysler LLC*, No. 5:07CV3619, 2008 WL 5725581, at *2

(N.D. Ohio Jan. 17, 2008). Accordingly, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal also bears the burden of showing that federal jurisdiction exists. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### b. Analysis

Defendants argue that federal subject matter jurisdiction exists over Count IX of Kilfoyle's Complaint because it is completely preempted by ERISA. Defendants offer no other basis for federal jurisdiction. The Court finds that Kilfoyle's claim is not preempted by ERISA, and thus remands the action to state court.

ERISA creates "a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Moreover, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). Thus, claims preempted by ERISA's enforcement mechanism, 29 U.S.C. § 1132(a), are removable to federal court. *Id.*

5

Section 1132(a) of ERISA allows a "participant" or "beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Section 1132(a) of ERISA completely preempts 'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy' because such actions 'conflict[ ] with the clear congressional intent to make the ERISA remedy exclusive.'" *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016) (quoting *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016)). However, "claims that stem from a duty that 'is not derived from, or conditioned upon, the terms' of an ERISA plan are not completely preempted." *Id.* (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)).

The Supreme Court has "articulated a two-prong test to determine whether a claim falls in the category that is completely preempted or in the category not preempted." *Id.* at 610. Under this test, a claim is completely preempted when "(1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms." *Id.* (quoting *Gardner*, 715 F.3d at 613).

Thus, the Court must first determine whether GLICA's retirement income program is an ERISA-regulated employee benefit plan.[1] If not, the first prong of the test has not been satisfied, and Kilfoyle's claim is not preempted.

---

[1] Defendants argue that Kilfoyle waived any challenge regarding whether the retirement income program meets ERISA's requirements because Kilfoyle devoted only a single paragraph to the issue without citing any case law or the relevant plan language. (Doc. No. 14 at 6.) The Court agrees that Kilfoyle's argument is not fully developed, but must still analyze the issue, as federal jurisdiction is a threshold issue that cannot be waived. *See Daugherty v. Chubb Grp. of Ins. Cos.*, 823 F. Supp. 2d 656, 658 (W.D. Ky. Oct. 17, 2011) ("[P]arties cannot waive or consent to subject matter jurisdiction

6

ERISA defines "employee benefit plan" as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3). Defendants claim that GLICA's retirement income program qualifies as an ERISA employee pension benefit plan. (Doc. No. 14 at 7-8.) Under ERISA, an "employee pension benefit plan" is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—
>
> (i) provides retirement income *to employees*, or
>
> (ii) results in a deferral of income *by employees* for periods extending to the termination of covered employment or beyond . . .

29 U.S.C. § 1002(2)(A) (emphasis added). Importantly, regulations clarify that "the term 'employee benefit plan' shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan." 29 C.F.R. § 2510.3–3(b); *see also Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir. 1995) ("The regulations implementing this section provide that a plan 'under which no employees are participants' does not constitute an ERISA employee benefit plan."); *Hayes v. Lacey & Jones*, No. 07-CV-10377, 2007 WL 781879, at *1 (E.D. Mich. Mar. 13, 2007) ("[A] plan covering only the partners of a law firm is not an ERISA plan because the partners are not employees; if a plan covers no employees, then ERISA is inapplicable.") (quoting *Baron v. Baron & Budd, P.C.*, No. 06-CV-1417-G, 2006 WL 3203269, at *6 (W.D. Mich. Nov. 6, 2006)).

---

and courts must constantly examine subject matter jurisdiction on their own initiative.") (internal quotations and citations omitted).

7

ERISA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). While this definition provides little guidance, the Supreme Court has "adopt[ed] a common-law test for determining who qualifies as an 'employee' under ERISA." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). That test applies "the general common law of agency" and "consider[s] the hiring party's right to control the manner and means by which the product is accomplished." *Id.* (quoting *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 751 (1989)).

In this case, Defendants have failed to show that GLICA's retirement income program covers any employees. As such, it is not an ERISA-regulated employee benefit plan. With regard to GLICA's retirement income program, Defendants themselves provide that the Plan Handbook "identifies the class of beneficiaries as field representatives eligible to retire under the Field Representative Defined Benefit Plan." (Doc. No. 14 at 8-9.) Besides field representatives, Defendants do not identify any other types of workers that are covered by the relevant income retirement program. Thus, the retirement income program at issue in Count IX covers only GLICA's field representatives.

Based on the evidence submitted by the parties, it is clear that GLICA's field representatives do not qualify as employees under ERISA. Kilfoyle's Field Representative Agreement with GLICA provides: "Nothing herein contained shall be construed to create the relation of employer and employee between the Field Representative and the Principal or the Company." (Doc. No. 8-1 at 1.) In addition, GLICA's counsel wrote in an email that "as an FR Mr. Kilfoyle has been and is an independent contractor/statutory employee of Guardian." (Doc. No. 15-1.) Defendants do not dispute that Kilfoyle is not an employee. Moreover, Defendants admit that GLICA treats all of its

field representatives as statutory employees. (Doc. No. 14-1 at ¶ 8.) Defendants have submitted no evidence, and do not argue, that any of its field representatives are common law employees. Thus, GLICA's field representatives do not fall within ERISA's definition of "employee." *See Darden*, 503 U.S. at 323 (adopting "common-law test for determining who qualifies as an 'employee' under ERISA"). Because GLICA's income retirement program covers only field representatives—who are not employees under ERISA—the program does not cover any employees and thus cannot qualify as an employee benefit program under ERISA.

Defendants nonetheless assert that GLICA's retirement income program qualifies as an employee benefit plan under ERISA for a couple of reasons. Defendants point out that the IRS has long treated independent contractors like Kilfoyle as employees for tax purposes and that Congress' objective was to harmonize ERISA with longstanding tax provisions. (Doc. No. 14 at 9 n.1.) In addition, in *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, the Supreme Court held that working owners can qualify as both an employer and an employee under ERISA. 541 U.S. 1, 16 (2004). Thus, Defendants argue that "a plan [can] qualify as an employee benefit plan under ERISA by providing benefits to an individual who is an independent contractor for some purposes, but treated as an employee for others." (Doc. No. 14 at 9 n.1.) The Court finds these arguments unpersuasive. ERISA makes clear that an employee benefit plan does not include a plan that does not cover any employees. In addition, the Supreme Court has clarified that ERISA's definition of employee encompasses only common law employees. These definitions and limitations on ERISA's scope are unambiguous, and Defendants' arguments fail to establish that the Court should make an exception in this instance to apply ERISA to a plan that covers only statutory employees.

Defendants also contend that a line of cases holding that independent contractors may qualify as beneficiaries under an ERISA employee benefit plan would be meaningless if the Court concludes GLICA's income retirement program is not an employee benefit plan. (*Id.*) However, that is not accurate, as the holdings are compatible. In order to qualify as an employee benefit plan under ERISA, the plan must cover employees. Once that is established and an ERISA-regulated employee benefit plan exists, the cases cited by Defendants stand for the proposition that independent contractors may qualify as beneficiaries under such a plan.[2] Here, there is no employee benefit plan in the first place because GLICA's plan does not cover any employees. Thus, the Court finds this argument unpersuasive as well. Accordingly, the Court concludes that because GLICA's retirement income program does not cover any employees, it does not constitute an ERISA employee benefit plan. As such, ERISA does not preempt Kilfoyle's claim, and there is no basis for federal subject matter jurisdiction. The action is thus remanded to state court.[3]

Although remand is appropriate, the Court declines to exercise its discretion to award attorneys' fees or costs incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* In other words, "an award of costs, including attorney fees, is inappropriate where the

---

[2] The Court notes that the Sixth Circuit does not appear to have ever ruled on whether independent contractors may qualify as beneficiaries under an ERISA plan.
[3] Because the action is being remanded, Defendants' Motion to Transfer is moot.

10

defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir.2005)).

Here, the Court agrees with Defendants that they had an objectively reasonable basis for seeking removal. The body of case law permitting independent contractors to bring ERISA claims and *Yates* provide some support for Defendants' removal. Moreover, given the complicated nature of ERISA and, in particular, its preemption provisions, Defendants' error in removing this action to federal court was not entirely unreasonable. *See Gutchess Lumber Co., Inc. v. Wieder*, No. 5:13–CV–1013 (FJS/DEP), 2013 WL 5346857, at *4 (N.D.N.Y. Sept. 23, 2013); *Vingelen v. Weaver*, No. 3:09–cv–00540, 2009 WL 3856442, at *6 (M.D. Tenn. Nov. 18, 2009). Accordingly, Kilfoyle's request for an award of attorneys' fees is denied.

## III. Conclusion

For the reasons set forth above, Kilfoyle's Motion to Remand (Doc. No. 8) is GRANTED IN PART and DENIED IN PART. The Motion to Remand is GRANTED as to Kilfoyle's request that this action be remanded to state court, but DENIED as to Kilfoyle's request for attorneys' fees. Defendants' Motion to Transfer (Doc. No. 6) is DENIED AS MOOT. In light of the Court's holding, Kilfoyle's Motion for Procedure Use Pursuant to Appendix "H" of This Court's Local Rules (Doc. No. 19) is also DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: January 10, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE